setting, we try to make it as much like a regular court hearing as possible. And to that end, we would appreciate that you would mute any devices that you have available or that anyone else in the room has. We do not allow you to audio or video this recording any more than if we were in New Orleans. It will be recorded as we speak. And then finally, if you choose to make things a little more efficient, we will allow either of you to take five minutes uninterrupted at the beginning of your presentation if you want to. Our regular rules are that you're both familiar with our time clock. You have a yellow light, two minute warning, red light. Please conclude your argument. We have read the briefs and record excerpts. We may not, well, we may need citations to the record where those are appropriate. This case is number 220304, Sanchez Oil & Gas v. Crescent Drlng. And we'll hear first from Mr. Gibson. Thank you, judges. May it please the court. My name is George Gibson and I represent Sanchez Oil & Gas Corporation in this appeal from a summary judgment that was granted by District Court Judge Nancy Atlas to Crescent in regards to Sanchez's claims concerning certain services that were provided. I would appreciate your accept your offer of a few minutes to lay out our argument. And then I'm happy, of course, at any time to discuss with the judges any questions that you have. The summary judgment from which we're appealing has two primary parts. One is an Crescent's motion for summary judgment, which was granted. We're appealing from the grant of the summary judgment to Crescent and Judge Atlas's opinion, which is actually quite narrow in terms of the reasoning for why she granted a summary judgment to Crescent. The first thing that Judge Atlas did was she looked at the claims in the case as articulated in the pleadings and the as your honors I know are familiar that there was quite a bit of discussion over whether or not Sanchez had pled claims for breaches of the Master Services Agreement or the MSA that were characterized as being general. And by general, what these provisions are, are provisions that Crescent, which was acting as the provider of workers on these rig sites. And the MSA is very clear about the broad nature of Crescent's obligations. They had an obligation to make sure that those workers were properly vetted, that they were paid, that they did the work that they were supposed to do, and a number of other requirements that are in the MSA. And one of those requirements was that Crescent would make sure that the workers are considered independent contractors under the law as to Sanchez. And that really gets to the rub of this particular case, because one of these workers, Mr. Langen, filed a lawsuit under the Fair Labor Standards Act claiming that he was not an independent contractor and that therefore he was ineligible for receiving a day rate for his pay, that he was eligible for overtime. The reasons that Judge Atlas gave for granting Crescent's motion for summary judgment are premised on a couple factors that we think should be overturned. One is that the judge found that she was not going to look at Sanchez's claims under the obligations, such as under 13.1 of the MSA, that Crescent would ensure that its workers were independent contractors, that she would only look at this as a claim for indemnity under a provision called 14.2, which is a claim that Crescent represented and warranted that their workers would, and they would comply with the FLSA. And so that's one error in that she found a certain contractual construction rule that can only be applied when the terms are in conflict. And we cited two cases that discuss that in order for those terms to be, one to be ignored and the other to be applied, they have to be in conflict. She primarily based this on the case out of the Deepwater Horizon lawsuit, which had to do with the definition of a vessel and whether or not vessel owners were allowed to participate in the class action. And that case did find that a specific term governed under a general term. However, in that case, those terms did in fact conflict. There was a conflict between those. And so that case really is an instructive, we believe, that's the Royal Caribbean case that we believe to this case. Finally, she, or also she, even if we were to assume without admitting that it's all under 14.2, that the whole case should be analyzed under 14.2, we believe that Crescent loses for a couple of reasons. One is the judge found without much analysis whatsoever, that there was a condition precedent. And there's a number of cases that talk about the standards for finding a condition proceeding. And this doesn't meet it. There are no words in here that, such as if, or provided, or any of those other textual clues that it's a condition proceeding. Those are totally absent here. In addition, that's a disfavored condition proceeding versus a covenant or an agreement is disfavored. This is clearly a covenant, not a condition proceeding. Well, would you say if was not in the, are you referring to 14.2, that it's not, that if and the requirement for par written consent isn't there, but it's in section 11.10.3? Yes, Judge. Why is that a condition precedent? Yes, Judge, thank you. And to be clear, 14.2 is the section that we claim was breached, but you're right that 11.10.3 has to be looked at. What I would say, Your Honor, is Judge Clement, is if you look at 11.10.2, which is the just prior provision, it says that Crescent shall reimburse Sanchez for such claims, and it includes in connection with a settlement. And there's conditions in that section. In the next section, 11.10.3, it discusses that if Sanchez, here the indemnified party, wishes to settle or compromise a claim, that it has to give the prior written, has to give prior written consent of Crescent. It's not worded as a condition. There's no provided. I believe it's a covenant. That's what I would assert, Your Honor. But furthermore, even if you just continue reading, what it says is under these circumstances, where it's undisputed, and Judge Atlas found this, that Sanchez gave proper notice of the claim. Proper notice of the claim. I'm setting aside the settlement. That Crescent, it's undisputed, had rejected that claim. They refused to indemnify. They refused to defend. What this says is that if the indemnifying party, Crescent, unreasonably withholds or delays, including because it believes it has no obligations whatsoever. And so in this, that's exactly what happened, is that Crescent refused to defend Sanchez. Crescent rejected the indemnification demand. And so therefore, the language here shows why prior consent is not required or necessary. Let me ask you a question about that, though. They say that Crescent sent a letter to Sanchez and said, we want to know what the settlement is, and Sanchez never responded. To this day, is it known what Sanchez settled for with Langen? Judge, it is in the sealed record in this case. The motion for Judge Atlas to approve the settlement, which she did, and that's in the sealed record. I presume that Crescent's counsel has access to the sealed record, but I can't tell you for sure that they do. Well, but they didn't at the time. Is that correct? Yes, Judge, that is right. Why not? Judge, one thing I would, well, I presume, I wasn't part of the case then, but I understand it, that it was a confidential settlement. And so Sanchez did not notify them because Crescent had already rejected any demand or offer to defend or indemnify Sanchez. They'd already rejected that. And the other thing I would say, Judge, in the letter that you're referring to, which is January 29th, 2019, it's in the record in 20304.706, which is the letter you're referencing, Judge. In that, Crescent nowhere says, we need to know the details of the settlement so that we can either consent to or reject the settlement. They don't say that at all. They don't talk about a What they say in that letter is, well, here's some information that you should know. We think that you need to look at Langan's time logs. You need to look at his evaluations. They go through a series of different documents that they say Sanchez should make sure they look at. And this is all framed in terms of to make sure that your settlement is reasonable. As your honors, I'm sure know that that's often a point of contention between indemnifying parties and the indemnified as to whether or not a settlement is reasonable or not. And that is the only thing that's addressed in this letter. Crescent in no way demanded that they be allowed to consent or not consent to the settlement at all. So it's a your position. Please state succinctly what the parties will go to trial on. If we were to vacate the summary judgment for Crescent, what would be the issues in trial? Judge, I believe that there would be a decision or need to be a trial as to whether or not Crescent breached its contract to make sure that Langan was an independent contractor. And they were required to pay him in accordance with the law. We believe there would also be an issue as to whether or not they wrongfully denied indemnity in defense of Sanchez from the claims that were brought by their contractor, by the person that they had a contract with. They had a written agreement with Mr. Langan, and we expected them to live up to their written agreement with us as well. And then, Judge, there would be a question on damages for those breaches. So what would the value be if you go to trial instead of if they would have approved the settlement? I believe it would be the amount of the settlement plus an attorney fee plan. And maybe cost of, I'm not positive if there's cost of investigation, but those types of damages. There's an implication that what's really driving this is the attorney's fees that were expended in defending the Langan suit. So would that be subject to reasonableness review by a jury? Yes, Judge, or a judge. Yes, Judge, I think they would. And there's a jury waiver in this contract, so I believe this would end up being a bench trial. But yes, I agree that a claim for attorney's fees would be reasonable. Well, if you go back to Judge Atlas, you know the answer. Well, Judge Atlas will be retired. She's leaving the bench in the end of February. Oh, okay, never mind. I want to give a little heads up. I understand Judge Atlas is a great judge and I respect her a lot. I can disagree with her and have all the respect in the world. So in addition to whether or not 14.2 is a viable claim for Sanchez, and we think, as I explained, Judge Atlas, we think got that wrong. The other thing is that I believe that Sanchez also has claims outside of it, even if you found that it is a condition proceeding. We think it's not, but even if you did, there would still be breach of contract claims because there's a separate obligation under the contract to ensure that Langen is an independent contractor as to Sanchez and an independent contractual obligation by Crescent to pay Mr. Langen in accordance with the law. And they apparently didn't do that. And so that would be a separate and aside from any indemnity obligations and any conditions proceeding to that, there would be a separate breach of contract claim for that. Judge Atlas, there was a lot of discussion over whether or not that was actually pled. We believe it was pled, but at the end of the day, in her opinion, she actually found that, well, she'll just do analysis assuming that those other breach of contract claims were properly pled. So we think that that would be another reason to reverse and remand on the pure breach of contract claims, separate and aside from whether or not there's a condition proceeding. And so in terms of my opening, unless your honors have any other questions, that's all I have, and I reserve the remainder of our time. All right. Thank you, sir. We will move on to Mr. Temple. May it please the court. This is a case in which this court is being asked to unwind the years of litigation and holdings leading to the sound rule of law that indemnification agreements are to be strictly construed so as not to unfairly shift any obligations in a way that the parties did not intend. Crescent Drilling and Production, as a staffing company, did little more than process the payroll of independent contractors working on Sanchez oil and gas sites. Sanchez's own, their form, their master services agreement governed the relationship between the parties. They had in their form a specific provision that governed to indemnify Sanchez only if Crescent violated the Fair Labor Standards Act, which it never did. Sanchez's settlement... Isn't that the point that has to be disputed? I mean, that's not that really, that's not that unusual in the context of indemnity, is it? For them to have a provision that would say that one party would indemnify the other for a violation, no, that is not uncommon. But what Sanchez did in this case is they did not make, and they had control over their form, in their language, they did not say if Sanchez is sued or if someone makes a claim, then Crescent should indemnify or has a duty to indemnify. That's not what it says. It says specifically that Crescent shall indemnify and has a duty to ensure that its employees or its individuals are, in fact, in compliance with the law. I'd like to go specifically to the argument that was raised with regard to the question of... with regard to the question of the general contractual provisions. This court should affirm summary judgment denying Sanchez's claims for breach of contract based upon those general contractual provisions. Sanchez's claims under those general contractual provisions, as the district court noted, were not raised until the summary judgment briefing. Sanchez improperly claimed that Crescent breached those general provisions of the contract at that point in time and no time earlier. That late claim, since it wasn't contained in the complaint, violates Section 8A2 of the Federal Rules of Procedure, which required Sanchez to identify the particular contractual provisions alleged to have been breached. Sanchez told the district court and Crescent that its claims were based on 14.2, and the district court accepted Sanchez's representation. As noted by this court in the DeFranceschi case, district courts do not abuse their discretion when they disregard the theories of liability not present in the complaint and raised later in summary judgment. There is no basis for the argument that Sanchez should have been allowed to amend its claims to assert new breach of contract theories. First of all, Sanchez's passing reference in really a footnote at the summary judgment stage to amendment was not a flagship credit court. Such a passing reference simply does not preserve the issue for appeal. Additionally, requests made in a perfunctory matter, such as in a footnote like we had here, are insufficient under Bridis versus the government of Turkmenistan, also a Fifth Circuit opinion. Even if a request to amend had been properly presented, it still wouldn't matter because there was simply a lack of showing of good cause. There were no new facts that had been developed that would have warranted that amendment, and in fact, at that point in time, discovery had already closed and we were at the summary judgment stage. As this court found in Pope versus MCI, the denial of leave to amend is appropriate where the proposed new claim is not based on new facts and the claim could have been added earlier. Finally, any amendment to add these new breach of contract theories would have been futile and properly denied under Perez versus Brennan. Even if the general contractual provisions had been properly pled, summary judgment would still be proper because the specific effelice indemnity provision in section 14.2 does in fact govern over the general provisions. Sanchez's general provisions do not speak to indemnity, but instead talk about labor costs and expenses, compliance with applicable law, and contractors not being deemed to be Sanchez employees. Now, that was a language that Sanchez had in their agreement, and that was language that Crescent was entitled to rely upon as Sanchez was the party that was on the well site and had the ability to control the details of the work. Here, section 14.2 specifically addresses Crescent's obligation. I thought Langdon was in some sort of supervisory capacity. He was, Your Honor. He was in a supervisory capacity on the well site, on a Sanchez well site. It's undisputed. Who was paying him? Crescent was paying him. That is correct, Your Honor. Crescent was the payroll processor. I mean, but for the question of preservation of this claim, I do not see why, let's say, Langdon hadn't even filed suit, and Sanchez found out that somehow Crescent was violating Fair Labor Standards Act, and you probably know there are a lot of cases like this right now in the oil patch. They could have had a breach case against Crescent, couldn't they? Well, there was in fact later a breach case, or excuse me, there was in fact later a case filed by Mr. Langdon against Crescent, as the court is aware. Now, they could have had a breach case, but that case still would not have been contemplated by the language in their own Well, I don't, I don't, it seems to me 14.2 is, I understand the argument there. I'm not sure I understand why that, why those wouldn't have been alternative claims. Well, I think that goes to this court's reasoning in the case of Royal Caribbean. No, they're not in conflict, though. It's more like the specific and the general. Well, I do think the specific versus general is what Royal Caribbean sought to address. In that matter, you had the specific, and in that matter, you had Royal Caribbean, who technically could have fit into two categories of the settlement class, and as this court said, to read one and not the other would simply read one to be a dead letter, and in that case, Royal Caribbean sought to fall in two categories, one as being a service provider in the Gulf, and there was another category that said, spoke to the issue of vessels and whether or not those vessels were home ported in the Gulf of Mexico. There was a conflict in that case because the specific that applied because they were in fact vessels that were not home ported in the Gulf of Mexico, so by virtue of the specific being addressed very, very specifically in that matter, Royal Caribbean could not fall within one of the settlement cases. Well, I don't want to waste all your time, but just for the sake of argument, having Crescent bound to comply with all of the things that are specified in 14.2, because it's a wide range, differs from Section 3 or 13 in that it has its own indemnity provision, and Section 13, I'm not sure that indemnity, you see what I'm saying? So, in a sense, if Crescent's breaching the contract in general, that leads to one set of remedies, which is a lawsuit and claim of damages. On the other hand, if you're breaching 14.2, it doesn't really help Crescent to say that it has to indemnify. You see what I'm saying? So, it may hurt you more under 14.2 than a breach claim would under one of the other provisions. Well, I think either way, under those provisions, there still has to be a breach, and there's been no showing by Sanchez in this case that there was in fact a breach of any of those provisions. They settled the claim, the underlying claim, and in fact, they disputed liability, which would have been disputing the fact that he was even an employee. But again, that often occurs in indemnity cases, doesn't it? Where a settlement has been made, and then you have to prove whether there would have been liability, and their brief has a list of well, at least three, where they suggest Judge Atlas overruled salient facts where they could have proved that Langdon should have been compensated differently. They say Crescent claimed it did not need to comply with the FLSA because of the independent contractor relationship. Crescent took no active steps to comply with FLSA because it just internally classified the contractor group as independent contractors. Crescent engaged in conduct that met the requirements of the economic reality test under the FLSA, which is a test that we're familiar with on this court. And so if that is correct, and they have record sites, if there was some evidence about that, then Judge Atlas didn't even consider it. Well, I think those factors, as indicated by this court, both in Falluti and in Parrish, the economic realities is what we have been told to examine. And whether or not a safety issue, none of those issues that they've pointed out, go bear directly to the economic realities of whether or not someone is actually an employee. And I'm happy to go through some of those economic reality factors and show how it is that Crescent did what they were supposed to do, which is the contract did not require. I don't want to know the answer to that, because Judge Atlas ruled on summary judgment in your favor, and she never even mentioned this possibility. And I'm troubled about that. I mean, all that is to me is a contested fact. Well, I don't think it's a contested fact to the extent that the issues that they raise in their brief are issues that under the Hacienda case, this court has already said, where someone, where a party speaks inconsistent with their prior statements, that is a sham affidavit. And that's what a lot of what their evidence is in trying to say that he was in fact an employee of Crescent as just that. They contradict their own prior statements on those very issues. The contract simply required that Crescent comply with its obligations under the law. And Crescent did that. It didn't require any specific conduct. If Sanchez wanted that to happen, they certainly could have and should have provided for that in their agreement. Well, Langen filed a suit and he made claims and they settled it. And therefore, laying aside condition precedent or whatever, 14.2 applies. They gave Crescent ample opportunity to step in and defend against this claim. Crescent decided not to do that. And so Sanchez settled. And if that itself didn't violate the indemnity provisions, then the issue for trial would be whether this was a plausible FLSA claim and whether the settlement was reasonable. Well, I think that's what you do in indemnity cases. Yes, Your Honor. But in this case, speaking to the first question that was raised, Liberty Steel versus Guardian Title addresses that very issue. In that case, it had nearly identical indemnity language that provided that no payment, compromise, settlement, accord, or satisfaction shall be made without the prior approval of the indemnitor. In that case, after the indemnitor declined to defend the suit, just like in this case, the indemnity settled without presenting the settlement offer to the indemnitor for its approval. In that case, the court held that the indemnitor's right to approve any settlement before it was entered was a condition preceding to the indemnity obligation. Since the indemnity failed to satisfy the condition preceding, no indemnity was owed. Again, significant in that case is similar to this case is the fact that the court expressly rejected the notion that just because a party on the front end may deny that indemnity would be owed in that particular case, it still had an obligation under the written word of the contract to present as a condition preceding. Would you give me the citation, please? Yes, Your Honor. The citation is that of Liberty Steel Company versus Guardian Title Company of Houston, 713 Southwest 2nd, 358. That's the Texas appellate case out of Dallas in this particular issue, Your Honor. If it wasn't a condition, you can use your time. Your Honor, I would like to address that condition preceding issue to address that question for the court in what was raised in argument. Summary judgment, we believe, should be affirmed because Sanchez failed to satisfy the condition preceding to its right to seek indemnity. Sanchez didn't give Crescent notice as required prior to the settlement and an opportunity to consent to the settlement. That language was very specific. Under Section 11.10.3, that language says that the indemnified party will not settle or otherwise compromise any claims to be indemnified without the prior written consent of the indemnifying party, which shall not be unreasonably withheld or delayed. It goes on to state that only if, and that's the language the court was focusing on earlier, if the indemnifying party unreasonably withholds or delays its consent and it addresses this very point that the court just raised, including as a result of its belief that it has no indemnification obligations. So, our very issue was contemplated in the language here. So, including as a result of its belief that it has no indemnification obligations, then, so it's an if then, then the indemnified party may settle or otherwise compromise the applicable claims. Sanchez's claim that it was not required to provide prior notice of the settlement to Crescent, since Crescent previously refused to indemnify, simply is not addressed, is already been addressed by the court in Liberty Steel and the language of the contract requires otherwise. Sanchez's argument with regard to, Sanchez also argues with regard to the issue of whether or not there's prejudice required. And I'm happy to address any questions the court has on issue or I can move on. Well, I do want to, I do want to hear about that, but I also want to know what happened to Langen's suit against Crescent? Well, your honor, I'm sorry to say Mr. Langen passed away. That case was filed later after this settlement had been had and there was some rejectment pending at the time of his pass. So, there was no finding. Is the state didn't pursue it? State did not pursue it, your honor, and there was there was no finding at the time of the passage that he was in fact an employee of any party, whether it be Crescent or Sanchez. Prejudice? Yes, your honor. Sanchez's claim that for Crescent to prevail on its condition precede an argument that Crescent must first establish that it was prejudiced by the lack of notice simply isn't supported by the language of the contract or the applicable law. The argument must be ignored because Sanchez never raised that argument at the district court. So, it hasn't been preserved for appeal under flagship credit Corp versus Indian Harbor Insurance Company. Even it had been raised, the requirement to show prejudice is limited to the insurance context as stated by this court in con credit. That's con credit versus TF Loan Company 903 F3rd 493 at 502. That's a 2018 Fifth Circuit opinion. In that case, this court said, forced to make an eerie guess, we conclude that Texas courts would not apply a prejudice requirement outside of the insurance context. The case Sanchez relies on in their brief on this particular issues of PAJ versus Hanover case. In that case explains that the prejudice rule is based on the bargain for exchange under the occurrence-based insurance policies and relies on a Texas Insurance Board order. The other case advanced by Sanchez, the James construction case, is a substantial compliance case. So, it doesn't specifically address the issue. So, it's our contention that under the law in the state of Texas, that there is no prejudice requirement outside of the insurance context. So, that argument simply is inapplicable to the contract at hand. Crescent believes that this court should affirm summary judgment denying Sanchez's breach of contract claims based upon the other contractual provisions because they simply were not raised in accordance with the rules. They also simply were not breached and the court did look at that issue of whether or not the other contractual provisions were in fact breached. In this case, there was no finding that Mr. Langham was an employee of Sanchez or of Crescent. The other general contractual provisions are very... See, my time is up. You can... Fine. I think we have Gibson. You're on mute. I'm so sorry. May I please report? Going first to the issue of whether or not there was proper pleading, I would just like to very quickly highlight that in the third party petition, paragraph 25 in particular, where it lays out the facts, it makes specific reference to Crescent's obligation in section 13.1 to ensure that none of its subcontractors will be deemed to be an employee of Sanchez. I'm paraphrasing the allegation. And so, just to point out in response to argument, it was pled. There's a specific reference to 13.1 in addition to references to 14.2. Now, Judge Atlas at one point, I just want to point out because Judge Jones went through the factors that I was prepared to list out, but the judge already did it, was that Judge Atlas found that Sanchez has presented no evidence that Crescent failed to in our brief, we specifically laid out and Judge Jones read the evidence that we laid out that is at minimum some evidence that Crescent had failed to comply with the FLSA in addition to the fact that this was a defense and indemnity obligation and that Langen had clearly made claims that fell within the four corners of the MSA. Just because Crescent disagreed with them or felt like Langen couldn't prove his claims doesn't absolve them of the responsibility to defend and indemnify Crescent. One of the things that counsel argued that I just want to quickly point the court to is he said in arguing about section 14.2 as they did in their brief, they say that 14.2 is limited only to matters in which Crescent has violated the FLSA and the indemnity obligations do not apply if somehow Sanchez has breached FLSA through its employment or through its work or through its hiring or its contracting with Mr. Langen and Judge Atlas did away with that. It's part of her opinion that we agree with. In footnote 24 on page 18 of the of the record opinion she says the court rejects Crescent's argument that 14.2 only applies to Crescent's violations of the FLSA because 14.2 contains a broad promise that Crescent will comply with all applicable laws and this is consistent with other provisions of the MSA including 13.1 and 4.1.6. Obviously I paraphrased her just now for brevity but the judge is already disposed of that argument as well and we would urge the court to do the same. Finally with or in addition to address the Liberty Steel case which is the case that counsel primarily relied upon and Judge Atlas did rely upon this as well. We think it actually demonstrates the problem with their claim. In this particular case the specific contractual language contained language indicating a condition precedent. It said the obligation was quote subject to the conditions close quote stated therein. That's on page 359 of the opinion and and so that's completely different from this particular case because that actually had language showing that there was a condition precedent. When you look at the language of of 11.10.3 there is no such language indicating that there was a condition precedent. That at most it is an agreement and I want to reiterate my last few seconds that we completely disagree with counsel's reading of this provision. This provision states that if Crescent believes that it has no indemnification obligations and therefore it has no right to consent and that's further shown in the letter that I referenced to Crescent claims one Crescent's position is a defendant defense or indemnity is not owed and it mentions nothing about consent. Thank you judges. All right thank you very much gentlemen. You are dismissed. We appreciate your services and we'll be back at nine o'clock tomorrow morning. Thank you. Sorry one in the afternoon. Thank you your honor.